IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY ALAN WALKER, #208 534, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-652-MHT |
| | ) | |
| CORRECTIONAL OFFICER R. SCOTT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 11, 2015, the court entered an order granting Plaintiff fourteen days to file an amendment to his complaint which specifically described how the conduct and/or actions of Defendants Logan, Bolling, and Billups acted in a manner that deprived him of his constitutional rights. *See Doc. No. 4.* Plaintiff was cautioned that his failure to comply with the court's September 11 order would result in a Recommendation that his complaint against these defendants be dismissed. *Id.* The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of Plaintiff's complaint against Defendants Logan, Bolling, and Billups is appropriate. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation).

Plaintiff has also named the Kilby Correctional Facility as a defendant. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against Kilby Correctional Facility is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Logan, Bolling, and Billups be DISMISSED without prejudice;

2. Plaintiff's complaint against the Kilby Correctional be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3. Defendants Logan, Bolling, and Billups be DISMISSED without prejudice and terminated as parties under 28 U.S.C. § 1915(e)(2)(B)(ii) prior to service of process;

4. The Kilby Correctional Facility be DISMISSED with prejudice and terminated as a party under 28 U.S.C. § 1915(e)(2)(B)(i) prior to service of process;

5. This case be REFERRED to the undersigned for further proceedings.

It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 27, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file

written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 13th day of October, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE