IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY ALAN WALKER, #208 534, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-652-MHT |
| | ) | [WO] |
| CORRECTIONAL OFFICER R. SCOTT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this 42 U.S.C. § 1983 action on September 10, 2015, against the Kilby Correctional Facility, Correctional Officer R. Scott, Captain Logan, Deputy Warden Leon Bolling, and Warden Phyllis Billups. On November 16, 2015, the court dismissed all defendants except for Defendant R. Scott. *See Doc. Nos. 6, 10, 11.*

On October 13, 2015, the court directed service of the complaint on Defendant Scott, however, the envelopes containing his copies of the complaint and the court's order of procedure were returned to the court marked as undeliverable. Accordingly, the court entered an order granting Plaintiff an opportunity to furnish the clerk's office with the correct address for Defendant Scott. *See Doc. No. 7.* Upon review of Plaintiff's response, the court directed General Counsel for the Alabama Department of Corrections to file under seal a current home and/or employment address for R. Scott whom Plaintiff alleged is or was employed as a correctional officer at the Kilby Correctional Facility in August of 2015. On November 24, 2015, General Counsel for the ADOC filed a

response stating that on investigation with the Personnel Division with the Alabama Department of Corrections it was determined that no one named R. Scott has worked at the Kilby Correctional Facility. *Doc. No. 12*. On November 30, 2015, the court directed Plaintiff to furnish the clerk's office with the correct name/identity of the individual he identified as "Correctional Officer R. Scott" by December 14, 2015. *Doc. No. 13*. The November 30 order cautioned Plaintiff that if he failed to comply with the order by providing the correct name/identity of the individual he identified as "Correctional Officer R. Scott," the court would recommend dismissal of the complaint against this defendant *Id.* The requisite time has passed and Plaintiff has filed no response to the court's November 30, 2015, order.

If a person has not been served, he is not a party to this lawsuit except in very unusual circumstances. During the proceedings in this case, the court repeatedly advised Plaintiff it is his responsibility to provide the court with the defendant's correct name and address for service, informed him he must monitor the case to ensure that all defendants he named had been served, and cautioned him that failing to perfect service on a defendant would cause the named person not being a party to this case. *See Doc. Nos. 5, 7.*

The Federal Rules of Civil Procedure require that service must be made upon a defendant within 120 days after filing the complaint. Rule 4(m), *Federal Rules of Civil Procedure*. If a defendant is not served within this time limit "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.

The time allowed for effecting service on Defendant R. Scott expired on January 8, 2016. The undersigned finds there is nothing before this court which warrants an order granting an extension of the time for service. *See generally Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005). Consequently, Plaintiff's complaint against "Officer R. Scott" is subject to dismissal without prejudice as service has not been perfected on this individual in accordance with applicable procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant R. Scott be DISMISSED without prejudice for failure to effect service on this individual in accordance with applicable procedural rules; and

2. There being no defendants remaining to this cause of action, the complaint be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 27, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 13th day of January, 2016.

                                                         /s/ Wallace Capel, Jr.
                                                         WALLACE CAPEL, JR.
                                                         UNITED STATES MAGISTRATE JUDGE